STILWELL *vs.* WOODRUFF.

Where suit was brought against a married woman on a promissory note signed by her husband, as her trustee, and on the trial, it appeared that the note was given in settlement of an account made by her, but it did not appear that she authorized her husband to sign the note, or that the goods were purchased for and on account of her separate estate, and the suit was not based on the account, a nonsuit was properly awarded. There was no liability on her part upon the note *per se*. It should have been alleged and proved that she authorized her trustee to make the note in settlement of her account, to bind her and her separate estate.

May 1, 1886.

Husband and Wife.    Trusts and Trustees.    Promissory Notes.    Before Judge STEWART.    Spalding Superior Court. August Term, 1885.

Reported in the decision.

S. C. McDANIEL, for plaintiff in error.

BOYNTON & HAMMOND, for defendant.

BLANDFORD, Justice.

Stilwell sued Mrs. Woodruff upon a promissory note, signed by her husband, as trustee for Fanny Woodruff, the defendant.    There was no allegation in the declaration that Mrs. Woodruff authorized her husband to sign this note as her trustee.    The testimony showed that the note was given in settlement of an account made by Fanny Woodruff with Stilwell & White.    The account was not sued upon, nor was it alleged that the goods were purchased by Mrs. Woodruff for and on account of her separate estate.    The court awarded a nonsuit in the case, and the plaintiff excepted, and assigns as error the judgment of nonsuit.

The nonsuit was right.    There was no liability on Mrs. Woodruff *per se* on the note sued on.    To make her liable, it should have been alleged and proved that she authorized her trustee to make the note, in settlement of her account, to bind her and her separate estate.

Judgment affirmed.